UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM RALEIGH, #11120-041,

        Petitioner,

                              CASE NO. 13-cv-10059
v.                             HONORABLE BERNARD A. FRIEDMAN

J.A. TERRIS,

        Respondent.
_____/

## OPINION AND ORDER DENYING THE
## PETITION FOR A WRIT OF HABEAS CORPUS

### I.    Introduction

This is a habeas case brought pursuant to 28 U.S.C. § 2241. William Raleigh ("petitioner"), a federal prisoner confined at the Federal Correctional Institution in Milan ("FCI-Milan"), Michigan when he filed his habeas petition, challenges a decision by the Bureau of Prisons ("BOP") to deny him early release under 18 U.S.C. § 3621(e) for participation in a drug treatment program due to a 1984 Minnesota conviction for third-degree assault. After he instituted this action, the petitioner was transferred to Minnesota. The court has now learned that the petitioner was released from federal custody on February 19, 2015. *See* BOP Prisoner Locator, http://www.bop.gov/inmateloc/william raleigh. Consequently, and for the reasons stated herein, the court finds that this case has been rendered moot and the habeas petition must be denied.

### II.    Facts and Procedural History

The petitioner was convicted of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841 in the United States District Court for the District of Minnesota and was sentenced to 150 months imprisonment and five years of supervised release in 2004. While incarcerated at FCI-Milan, the petitioner was notified that while he could participate in the BOP's

Residential Drug Abuse Program ("RDAP"), his prior state conviction for third-degree assault was considered a crime of violence and he would not be eligible for an early release benefit under 18 U.S.C. § 3621(e) (which gives the BOP discretion to reduce an inmate's sentence by up to one year upon successful completion of the RDAP). He nonetheless entered such a drug treatment program in 2011 and completed the unit-based portion of the program in 2012.

The petitioner unsuccessfully challenged the BOP's decision to deny him an early release benefit through the administrative process. He then filed his federal habeas petition raising the following claims: (1) the BOP erred in finding that his previous conviction for third-degree assault was an aggravated offense under 28 C.F.R. 550.55(b)(4)(iv); (2) the BOP erred in considering his previous conviction for third-degree assault when the conviction was not counted for the purposes of his PSR and there was no proof that he was afforded counsel; and (3) the BOP violated the Administrative Procedures Act when it promulgated 28 C.F.R. 550.55 by failing to cite any rationale for how it would consider stale, un-counseled convictions. The petitioner seeks appropriate equitable relief. The respondent filed an answer to the petition contending that it should be denied for lack of merit. The petitioner was subsequently released from custody.

**III.     Analysis**

Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. *United States v. Juvenile Male*, _ U.S. _, 131 S. Ct. 2860, 2864 (2011). This means that, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *see also Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). If an event occurs subsequent to the filing of a lawsuit which deprives a court of the ability to provide meaningful relief, the case

becomes moot and is subject to dismissal. *Ailor v. City of Maynardville*, 368 F.3d 587, 596 (6th Cir. 2004). Similarly, a claim for habeas relief becomes moot when the controversy between the parties is no longer alive because the party seeking relief has obtained the relief requested. *See, e.g., Picron-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991) (a claim is moot when the court no longer has power to grant the requested relief); *Johnson v. Riveland*, 855 F.2d 1477, 1479-80 (10th Cir. 1998). A court may raise the jurisdictional issue of mootness sua sponte. *See North Carolina v. Rice*, 404 U.S. 244, 246 (1971) ("Mootness is a jurisdictional question because the Court is not empowered to decide moot questions or abstract propositions...."); *Berger v. Cuyahoga Co. Bar Ass'n*, 983 F.2d 718, 721 (6th Cir. 1993) ("Questions of jurisdiction are fundamental matters which [a court] may review sua sponte.").

As noted, the BOP's Inmate Locator database indicates that the petitioner was released from federal custody on February 19, 2015. Because the petitioner has been released from custody, the Court can no longer grant him further relief on the claims contained in his petition. The present case has thus been rendered moot and the habeas petition must be denied on that basis.

**IV.    Conclusion**

For the reasons stated, the Court concludes that there is no longer any case or controversy for the Court to resolve in this matter. Accordingly, the Court denies and dismisses as moot the the petition for a writ of habeas corpus.

**SO ORDERED**.

                                        S/Bernard A. Friedman
                                        BERNARD A. FRIEDMAN
                                        SENIOR UNITED STATES DISTRICT JUDGE

Dated: February 26, 2015

3